IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS CROUSE,** | : | CIVIL ACTION NO. 1:05-CV-2315 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WEST LEBANON TOWNSHIP, et al.,** | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this 3rd day of May, 2006, upon consideration of the order of court dated April 19, 2006 (Doc. 27), in which plaintiff was directed to file responses to various pending motions (see Docs. 11, 18, 19, 20, 24) on or before May 1, 2006, and advising that failure to comply would result in dismissal of the case, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that as of the date of this order plaintiff has not filed a response to any of the pending motions, that plaintiff, proceeding *pro se* and *in forma pauperis* in this action, was directed by the court to file responses (see Doc. 27) and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that

plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of likely meritorious motions to dismiss, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to five motions (See Docs. 11, 18, 19, 20, 24) and an order of court (see Doc. 27) constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint (Docs. 40, 53) constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motions[1] and is proceeding *in forma pauperis* in this action, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that the majority of the claims of the complaint are likely without merit under 42 U.S.C. § 1983 (see Docs. 13, 23, 26), see Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby ORDERED that:

1.  The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

---

[1] See L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . [or] shall be deemed not to oppose such motion.").

2. Any appeal from this order is DEEMED frivolous and not in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

3. The Clerk of Court is directed to CLOSE this case.

 <u>/s/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge
